UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:23-CR-00006-GNS-HBB

UNITED STATES OF AMERICA																					PLAINTIFF

v.

BENNETT M. CHRISTIAN																					DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Objection (DN 36) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 35). For the following reasons, the R. & R. is **ADOPTED IN PART**, and Defendant's Objection is **OVERRRULED IN PART** and **SUSTAINED IN PART**.

### I. BACKGROUND

The R. & R. sets forth the background facts in detail, so the Court will incorporate them by reference and repeat only the basic facts as necessary. (R. & R. 2-5, DN 35). Simpson County Deputy Sheriff Shauntel Mincy ("Mincy") was performing a license plate check in the parking lot of Mint Gaming Hall when she discovered that an Acura automobile in the lot had been reported stolen. (R. & R. 2, DN 35). Mincy and another deputy identified Defendant Bennett M. Christian ("Christian") as the Acura's driver, placed him in handcuffs, and questioned him about the vehicle, which he said he had rented from his friend "Charlie." (R. & R. 2-3). Mincy took Christian outside and placed him in the back seat of her patrol car. (R. & R. 3). She searched various places in the vehicle before arresting Christian for possession of a stolen vehicle and suspected narcotics she found during her search. (R. & R. 3-4). After reading Christian his *Miranda* rights, he agreed to speak with Mincy, and she continued questioning him about the vehicle and suspected narcotics

1

which were found in the vehicle. (R. & R. 4-5). Mincy later learned that vehicle was owned by GEICO, not someone named "Charlie." (R. & R. 4).

## II.  STANDARD OF REVIEW

A district judge must consider *de novo* the objected portions of a magistrate judge's report and recommendation on a motion to suppress. 28 U.S.C. § 636(b)(1); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), *superseded by rule on other grounds*, Fed. R. Crim. P. 32.1, *as recognized in United States v. Dowl*, 956 F.3d 904, 908 (6th Cir. 2020). In doing so, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Repeating arguments presented to the magistrate judge constitutes a failure to object, which is a sufficient basis to overrule the objection. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."); *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (noting that a court need not review "a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

## III.  DISCUSSION

Christian moves to suppress the suspected narcotics and the statements he made to Mincy and other officers before and after they read him his *Miranda* rights. (Def.'s Mot. Suppress 5-6, 9-11, 17, DN 14). He argues that they used the improper "*Miranda*-in-the-middle" technique, and that suppression of all his statements is required. (Def.'s Post-Hr'g Br. Supp. Mot. Suppress 8-12, DN 31). The Magistrate Judge conducted an evidentiary hearing and recommended that the motion be denied as to the evidence retrieved from the vehicle because: (1) Christian lacks

standing to challenge an allegedly illegal search of a stolen vehicle; (2) the search was valid under the automobile exception; and (3) the search was valid incident to Christian's arrest. (R. & R. 30). The Magistrate Judge recommended that the motion be granted as to all of Christian's pre-*Miranda* statements but denied as to his post-*Miranda* statements about the narcotics found in the vehicle. (R. & R. 30-31). Christian objects to each of those recommendations. (Def.'s Obj. R. & R. 1, 5, 7-9, DN 36).

### A. **Standing**

The R. & R. concluded that Christian lacks standing to challenge the allegedly illegal search because he did not have a reasonable expectation of privacy in the stolen vehicle despite his argument that this case is more similar to ones involving lawfully rented cars. (R. & R. 10-11). The R. & R. likewise concluded that Christian failed to meet his burden to prove that he rented the vehicle. (R. & R. 12). Christian objects to those findings, first arguing that because he did not steal the vehicle or know that it was stolen, this situation is more similar to those where courts have found a reasonable expectation of privacy in a rented car. (Def.'s Obj. R. & R. 1-4). This argument is repackaged from Christian's motion and post-hearing brief that the Magistrate Judge considered and discussed in the R. & R. (*Compare* Def.'s Obj. R. & R. 1-5, *with* Def.'s Mot. Suppress 6-8, *and* Def.'s Post-Hr'g Br. Supp. Mot. Suppress 14-16; *see* R. & R. 10-12); *see Howard*, 932 F.2d at 509.

The R. & R. analyzed *Byrd v. United States*, 138 S. Ct. 1518, 1524 (2018), where the Supreme Court held that a defendant who had his girlfriend's permission to drive her rental car had a reasonable expectation of privacy in the car because "someone in otherwise lawful possession and control of a rental car has a reasonable expectation of privacy in it even if the rental agreement does not list him or her as an authorized driver." *Id.* The R. & R. recognized that *Byrd*

does not apply here because this is not a case of lawful possession because Charlie did not own the vehicle and therefore could not have legally rented it to Christian. (R. & R. 11-12). Christian cites a few new cases that supposedly apply *Byrd* differently, each of which is distinguishable from the present facts. (*See* Def.'s Obj. R. & R. 3-4). In each of those cases, the courts held that the defendants lawfully possessed rental cars and had a reasonable expectation of privacy in them because the person lawfully renting the cars had given the defendant permission to use the car. *United States v. Montalvo-Flores*, 81 F.4th 339, 344-46 (3d Cir. 2023); *United States v. Cohen*, 38 F.4th 1364, 1369 (11th Cir. 2022); *United States v. Bettis*, 946 F.3d 1024, 1029 (8th Cir. 2020). In that sense, those cases are no different from *Byrd*, and the R. & R.'s recognition that Christian did not lawfully possess the vehicle because Charlie did not own the vehicle, had not rented the vehicle from the true owner, and therefore could not pass legal possession to Christian. (R. & R. 11-12).

  Christian similarly argues that he met his burden to prove that he had standing to challenge the search of the vehicle because no evidence contradicted his statement to police that he rented the vehicle from Charlie. (Def.'s Obj. R. & R. 5). As the R. & R. noted, however, Christian relied only on his unsworn statements to police that he rented the vehicle from Charlie; he did not produce any other evidence such as a receipt or any kind of rental agreement. (R. & R. 12). Even if Christian had "rented" the vehicle from Charlie, GEICO owned the vehicle, not Charlie, so Christian did not establish he was in lawful possession. (R. & R. 12).

  Accordingly, the Court will adopt the R. & R.'s conclusion regarding standing and overrule the objection on this basis.

### B. Automobile Exception

The R. & R. concluded that that even if Christian had standing to object to the search, the automobile exception to the warrant requirement applies because Mincy had probable cause to believe the vehicle was stolen and was thus permitted to search the vehicle for the owner's identity. (R. & R. 13). The R. & R. further concluded that Mincy did not impermissibly extend the scope of the search when she opened and searched the center console, removed a grocery bag, and searched it. (R. & R. 14). Christian contends that Mincy exceeded the scope of the search when she opened the grocery bag found in the console. (Def.'s Obj. R. & R. 6). He insists that Mincy should not have opened the grocery bag because she did not observe anything in the console or grocery bag that would indicate ownership. (Def.'s Obj. R. & R. 6-7).

This argument is also repackaged from Christian's post-hearing brief and is improper because the Magistrate Judge has already considered and rejected this argument. (*Compare* Def.'s Obj. R. & R. 6-7, *with* Def.'s Post-Hr'g Br. Supp. Mot. Suppress 20-21; *see* R. & R. 12-14); *see Howard*, 932 F.2d at 509. Indeed, Christian includes no additional facts or case citations not properly considered by the Magistrate Judge. (*See* Def.'s Obj. R. & R. 6-7); *Howard*, 932 F.2d at 509; *Thomas*, 474 U.S. at 150. This objection is overruled.

### C. Search Incident to Arrest

The R. & R. also concluded that even if Christian had standing to object to the search, the search incident to arrest exception to the warrant requirement applies because Christian was arrested contemporaneous to the search and probable cause supported the arrest. (R. & R. 21-22). Christian objects to this finding because: (1) searching the grocery bag exceeded the scope of a search incident to arrest; (2) Mincy did not need to search the vehicle incident to arrest because she already had enough information to arrest Christian after seeing him drive the reportedly stolen

vehicle; and (3) the conclusion that a search incident to arrest may happen before an arrest is based on outdated law. (Def.'s Obj. R. & R. 7-8).

The search incident to arrest finding is secondary to the lack of standing, which is dispositive. Regardless, Christian's arguments are not well-taken. First, Christian cites no cases to support his assertion that searching the grocery bag exceeds the scope of the search incident to arrest. (*See* Def.'s Obj. R. & R. 5-7). Second, although the vehicle was reported stolen and Mincy saw Christian driving it, it was still reasonable for Mincy to search the vehicle for evidence of ownership. Christian cites two cases for the proposition that a search incident to arrest is improper if the officer already has sufficient evidence to arrest. (*See* Def.'s Obj. R. & R. 7-8). In those cases, however, the Supreme Court and D.C. Circuit held that a search incident to arrest may be improper when there is not a reasonable belief that the car will contain additional proof of the crime for which the suspect was arrested. *United States v. Jackson*, 415 F.3d 88, 93 (D.C. Cir. 2005) (explaining that "the charge of receiving stolen property for the stolen tags did not necessitate a search of the trunk because . . . there was not probable cause to believe that the trunk contained additional, related contraband"); *Knowles v. Iowa*, 525 U.S. 113, 118 (1998) (explaining that a stop and citation for speeding does not require a search of the car because it will not produce more evidence of speeding); *see also Arizona v. Gant*, 556 U.S. 332, 343 (2009) ("[C]ircumstances unique to the vehicle context justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." (internal quotation marks omitted) (citation omitted)). Unlike possessing stolen tags or speeding, it is reasonable to believe that a stolen car will contain evidence of that crime such as proof of ownership. *See United States v. Carter*, No. 1:20-CR-62, 2021 WL 2592561, at *6 (S.D. Ohio June 24, 2021).

6

Next, the R. & R.'s conclusion that a search incident to arrest may take place before an arrest is not based on outdated law. Christian asserts that the cases relied upon by the Magistrate Judge pre-date *Gant* and "when *Shepardized*, are noted as at risk for overruling based on the *Gant* decision[,]" but he does not further explain why *Gant* may have abrogated them. (*See* Def.'s Obj. R. & R. 8). *Gant* discussed contemporaneousness of the search to the arrest in the context of whether the arrestee must be within reach of the vehicle to justify a search incident to arrest, but it did not discuss the proper sequence of a search incident to arrest. *Gant*, 556 U.S. at 341-43. Moreover, the justification for this search is not that Christian was within reach of the vehicle, but that the vehicle could not reasonably be expected to contain evidence of the crime for which he was arrested. *See id.* at 343. Since *Gant*, the Sixth Circuit has favorably cited cases supporting the R. & R.'s conclusion without noting any conflict between the cases. *See United States v. Latham*, 763 F. App'x 428, 430-31 (6th Cir. 2019).

Accordingly, the Court will adopt the R. & R.'s conclusion regarding the search incident to arrest exception and overrule Christian's objection on this basis.

D.      *Miranda*

The R. & R. held that all of Christian's pre-*Miranda* statements should be suppressed because he was subject to a custodial interrogation as soon as officers placed him in handcuffs in Mint Gaming Hall. (R. & R. 26). The R. & R. concluded that Christian's post-*Miranda* statements about narcotics should not be suppressed because there was insufficient overlap between that line of questioning and the pre-*Miranda* questioning about the stolen vehicle. (R. & R. 27). Christian maintains that there was sufficient overlap between the pre-*Miranda* questions and the post-*Miranda* questions because even the post-*Miranda* questions about the suspected narcotics were the next logical questions after the earlier queries about the car. (Def.'s Obj. R. & R. 9-11). In

*United States v. Ray*, 803 F.3d 244, 272 (6th Cir. 2015), the Sixth Circuit adopted the plurality position in *Missouri v. Seibert*, 542 U.S. 600, 616 (2004), that courts should evaluate admissibility of statements made after a midstream Miranda warning by considering:

> the completeness and detail of the questions and answers in the first round of interrogation, the overlapping content of the two statements, the timing and setting of the first and the second [interrogations], the continuity of police personnel, and the degree to which the interrogator's questions treated the second round as continuous with the first.

*Ray*, 803 F.3d at 272 (alteration in original) (quoting *Seibert*, 542 U.S at 616).

These factors weigh in favor of suppressing all Christian's post-*Miranda* statements. The first factor favors suppression because in response to the pre-*Miranda* questions, Christian had detailed how he came to drive the vehicle—that he had gotten the vehicle from Charlie, when, and how much he paid. (R. & R. 2-3); *Seibert*, 542 U.S. at 616 (evaluating completeness of questioning based on what, if anything, was left unsaid). Additionally, as the R. & R. recognized, the pre-*Miranda* and post-*Miranda* questioning happened in the same location, within minutes of each other, and was conducted by the same officers, so the third, fourth, and fifth factors weigh in favor of suppression. (R. & R. 27). The second factor also supports suppression because while the questions about narcotics were new, post-*Miranda* Mincy again discussed the reportedly stolen vehicle and then the suspected narcotics she found in the vehicle. (R. & R. 4-5). As the Sixth Circuit explained in *United States v. Ray*, 690 F. App'x 366 (6th Cir. 2017), "asking some 'new' or 'amplifying' questions during a post-*Miranda* interrogation does not render such a warning effective where pre-*Miranda* interrogation along similar lines already occurred." *Id.* at 373. Indeed, the Court discouraged a "hyper-technical analysis of whether the pre- and post-*Miranda* questioning and answers mirrored one another," rather than determining whether there was "substantial overlap" between the two interrogations. *Id.* at 374 (citation omitted). In this instance,

8

there appears to be sufficient overlap between the two interrogations, and that factor, combined with the others all weighing in Christian's favor, warrants suppression. *United States v. Ashmore*, 609 F. App'x 306, 309, 317-18 (6th Cir. 2015) (suppressing post-*Miranda* statements where there was sufficient overlap between pre-*Miranda* questions about a felon owning guns and post-*Miranda* questions about drug use); *United States v. Woolridge*, 64 F.4th 757, 762 (6th Cir. 2023) (noting that *Seibert* is not a rigid test but factors to consider).[1]

Accordingly, the Court sustains Christian's objection regarding the post-*Miranda* statements he made to Mincy, which shall be suppressed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 35) are **ADOPTED IN PART**, and Defendant's Objection (DN 36) is **OVERRULED IN PART** and **SUSTAINED IN PART**.

Greg N. Stivers, Chief Judge
United States District Court

December 5, 2023

cc: counsel of record

---

[1] The R. &. R. also concluded that Christian invoked his right to counsel, which requires suppression of all his pre-*Miranda* statements but not any of his post-*Miranda* statements because he later waived the right to counsel. (R. & R. 30-31). Christian also objects to this conclusion, but because his post-*Miranda* statements will be suppressed as discussed above, the Court need not reach that argument. (Def.'s Obj. R. & R. 11-12).